UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ENVIRONMENTAL LAW AND POLICY CENTER, et al., | ) ) | |
| Plaintiffs, | ) | |
| | ) | No. 3:19-cv-295 |
| v. | ) | |
| | ) | Hon. James G. Carr |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., | ) ) | |
| Defendants. | ) | |
| | ) | |

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS BOARD OF LUCAS COUNTY
COMMISSIONERS' COMPLAINT

## I. Count 1 Fails To Allege The Breach Of A Nondiscretionary Duty.

Defendants moved to dismiss Count I of the Complaint filed by the
Board of Lucas County Commissioners ("Board"), No. 3:19-cv-873, for
failure to state a claim upon which relief may be granted and for lack of
subject matter jurisdiction.  In response, the Board asserts that Ohio
has "affirmatively declined to adopt" a TMDL for Lake Erie, that this
refusal is tantamount to a "constructive submission" of no TMDL, and
that EPA is required to act on Ohio's constructive submission.  *See*
Opposition by the Board of Lucas County Commissioners to Defendants'

Motion to Dismiss ("Opp."), ECF No. 28 at 5-6.

Contrary to Plaintiffs' assertion, Pl. Opp. at 9-10, this Court has not accepted the doctrine of a constructive submission. Instead, in *ELPC I*, the Court described the doctrine and held that Plaintiffs' allegations do "not reach the demanding threshold for stating a cognizable claim for constructive submission." *Envtl. Law & Policy Ctr. v. EPA*, 349 F. Supp. 3d 703, 715 (N.D. Ohio 2018) (*ELPC I*). The Court's review of the constructive submission caselaw, therefore, was dicta. As we explained in our opening brief, that caselaw is flawed because there is no statutory deadline for a state to submit a TMDL to U.S. EPA, and no statutory provision that addresses the scenario where a state delays or fails to make a submission. *See* U.S. Mem. in Support of Mot. to Dismiss ("U.S. Mem."), Doc. No. 7-1, at 9-11.

Further, the Board fails to address this Court's holding, in the context of Ohio's 2016 list of impaired waters, that Ohio has *not* "clearly and unambiguously decided not to submit any TMDLs." *ELPC I*, 349 F. Supp. 3d at 716 (internal quotations and citations omitted). According to the Board, it is merely the *Defendants'* view that a constructive

2

submission requires an unwillingness by a state to ever submit a TMDL, in perpetuity.  Opp. at 10, 13.  But that was precisely what this Court held.  *See ELPC I* at 715 (plaintiffs must establish that Ohio has "clearly and unambiguously *refused to submit* TMDLs . . . in perpetuity") (internal quotations and citations omitted); *id.* at 714 (a constructive submission "occurs 'only when the state's actions clearly and unambiguously' demonstrate an intent not to submit any TMDLs").

The Board has not pointed to anything that would warrant a result other than dismissal for failure to state a claim, the same result as in *ELPC I*.  The Board asserts that Ohio should have listed Lake Erie as impaired "more than a decade" ago, Opp. at 12, but the Court in *ELPC I* held that the amount of time prior to listing the lake is not relevant to the constructive submission inquiry.  *See* 349 F. Supp. 3d at 716 ("the hands on the TMDL clock have just begun to turn").  The Board asserts that Ohio is focusing on a "collaborative" approach to the exclusion of preparing a TMDL, Opp. at 12, but the Court has rejected that, too.  349 F. Supp. 3d at 716 ("That Ohio intends to follow the [Great Lakes Water Quality Agreement] protocol, instead of turning

forthwith to developing a TMDL, does not alter my conclusion.").

The Board also asserts that while Ohio is entitled to "take time" to develop a TMDL, the "time must be used in activities addressing . . . the production of a TMDL." Opp. at 13. There is nothing in the Clean Water Act that allows a court or EPA to micro-manage a state's TMDL program in that level of detail. States have "considerable flexibility" to allocate their pollution control resources. *See* EPA 2006 Integrated Report Guidance, at 63 ("States have considerable flexibility in deciding how best to apply these factors in prioritizing their list of waters needing TMDLs."); *see also Sierra Club v. McLerran*, No. 11-cv-1759, 2015 WL 1188527, at *6 (W.D. Wash. Mar. 16, 2015) ("Unquestionably, state discretion is an important component of the CWA. Resource constraints compel difficult choices as to which TMDLs should be performed before others—a choice that states are often better situated to make."). And such federal court supervision would be unworkable. The state is working to address nutrient pollution in Lake Erie. 2018 Integrated Report (Def. Ex. 2) at J-10. The Board would put the Court in the position of not only overseeing those efforts, but making factual

4

determinations of which efforts could yield information that would support an eventual TMDL and which efforts, if any, are wholly tangential.

The Board also implies that a TMDL will be required even if the state's current efforts successfully restore water quality.  Opp. at 14. That is incorrect.  The Clean Water Act and EPA's implementing regulations only ever require a TMDL for waters that do not meet water quality standards.  If a waterbody is listed as impaired, but the state later determines that the waterbody is no longer impaired, the state need no longer list that waterbody and no TMDL is required.

Given the posture of this case, the fundamental question is whether the Complaint asserts the necessary facts.  *See League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory").  In order to state a claim, the Board must allege that Ohio refused to submit a TMDL for western Lake Erie in perpetuity.  The Board not only fails to do so, but asserts that it need

not do so. The Complaint's allegations are no different than those the Court addressed in *ELPC I* and fail to amount to a constructive submission for the same reason. The Board asserts that Ohio has refused to develop a TMDL, Compl. ¶ 65, but Ohio's 2018 Report lists most of the Lake's assessment units as "Impaired, *needs TMDL*." 2018 Integrated Report (Def. Ex. 2) at J-16 (emphasis added); *see also id*. at D-31 (explaining "why a TMDL is not being pursued immediately"). This is hardly an unambiguous refusal to *ever* submit a TMDL. Count 1 therefore fails to state a claim and should be dismissed.

## II. Count 2 Fails To Identify A Judicially Reviewable Final Agency Action.

Count 2 asserts that U.S. EPA acted arbitrarily in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), by failing to disapprove Ohio's allegedly unlawful acts and omissions. But this fails to state a claim because the Board has failed to plead the existence of an unlawful act or omission by Ohio upon which EPA was required to act. And, even if the Board were able to identify such an act or omission, the proper avenue for a legal challenge of that kind is either an APA section 706(1) unreasonable delay claim or a CWA section

6

505(a)(2) mandatory duty claim.  *See* U.S. Mem. at 16-17.

Count 2 is nothing more than an attempt to repackage a claim this Court already rejected in *ELPC I*.  In that case, Plaintiffs alleged that EPA's approval of Ohio's 2016 303(d) List was "also a final agency action approving the State's claimed refusal to develop a TMDL."  349 F. Supp. 3d at 709 (internal quotations omitted).  The Court flatly disagreed with that assertion, explaining it would "not infer that the U.S. EPA completed a review and approval [of] Ohio's TMDL plans when all it claimed to do was 'complete ... review and approval of Ohio EPA's 2016 CWA Section 303(d) list.'"  *Id.* at 712.  The same is true here. In its review and approval of Ohio's 2018 Section 303(d) list, U.S. EPA did not purport to take any action on Ohio's decision not to submit a TMDL for Lake Erie at the same time as Ohio submitted its 2018 Section 303(d) list.

Whether the claim is pled under APA section 706(2)(A) or section 706(1), or CWA Section 505(a)(2), the result is the same.  If Defendants are correct, as we argue above, that the Complaint fails to plead sufficient facts to state a claim for a constructive submission of no

TMDL, then there is nothing for EPA to approve or disapprove.

Accordingly, Count 2 should be dismissed.

Respectfully submitted this 18th day of September 2019.

*/s/ Daniel R. Dertke*

DANIEL R. DERTKE,
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 514-0994
daniel.dertke@usdoj.gov

JUSTIN E. HERDMAN
United States Attorney

JODY L. KING (0094125)
Assistant United States Attorney
Northern District of Ohio
Four Seagate, Suite 308
Toledo, OH 43604-2624
Tel:  (419) 259-6376
Jody.King@usdoj.gov

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2019, I emailed a copy of the REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT BY BOARD OF LUCAS COUNTY COMMISSIONERS to counsel for Plaintiffs.

I hereby certify that on September 18, 2019, I electronically filed the foregoing REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT BY BOARD OF LUCAS COUNTY COMMISSIONERS with the Clerk of the Court by using the CM/ECF system.  The participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

*/s/ Daniel R. Dertke*
Daniel R. Dertke

9