## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ENVIRONMENTAL LAW AND POLICY CENTER, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | No. 3:19-cv-295 |
| v. | ) | |
| | ) | Hon. James G. Carr |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ANSWER TO AMENDED COMPLAINT OF
## BOARD OF LUCAS COUNTY COMMISSIONERS

Pursuant to Federal Rule of Civil Procedure 8, Defendants United States Environmental Protection Agency, Andrew Wheeler in his official capacity as Administrator of the United States Environmental Protection Agency, and Cathy Stepp in her official capacity as Regional Administrator of the United States Environmental Protection Agency, Region 5 (collectively, "Defendants") answer the Amended Complaint of Plaintiff Board of Lucas County Commissioners, Doc. 49,[1] as follows:

1.  The allegations in Paragraph 1 characterize Plaintiff's Amended Complaint, which speaks for itself and is the best evidence of its contents.

---

1 Paragraphs 1 through 73 of Plaintiff's Amended Complaint are identical to Paragraphs 1 through 73 of Plaintiff's Complaint. *See Bd. of Lucas County Comm'rs v. EPA*, No. 3:19-cv-00873-JGC, Doc 1.  With the exception of substituting "Amended Complaint" for "Complaint" where appropriate, Defendants Answer to Amended Complaint paragraphs 1 through 73 is identical to Defendants' Answer to the Complaint, Doc. 38, paragraphs 1 through 73.

2.   The allegations in Paragraph 2 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 2 contains allegations to which a response is required, they are denied.

3.   Defendants deny the allegations in Paragraph 3.

4.   The allegations in Paragraph 4 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 4 contains allegations to which a response is required, they are denied.

5.   The allegations in Paragraph 5 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 5 contains allegations to which a response is required, they are denied.

6.   Defendants deny the allegations in Paragraph 6.

7.   The allegations in the first sentence in Paragraph 7 constitute conclusions of law, to which no response is required, but to the extent that the first sentence in Paragraph 7 contains allegations to which a response is required, they are admitted.  The allegations in the second sentence in Paragraph 7 constitute conclusions of law, to which no response is required, but to the extent that the second sentence in Paragraph 7 contains allegations to which a response is required, they are denied.

8.  The allegations in Paragraph 8 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 8 contains allegations to which a response is required, they are denied.

9.  The allegations in Paragraph 9 characterize Plaintiff's Amended Complaint, which speaks for itself and is the best evidence of its contents.

10. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10.

11. Defendants admit the allegations in Paragraph 11.

12. Defendants admit the allegations in the first sentence in Paragraph 12.  The allegations in the second sentence in Paragraph 12 characterize Plaintiff's Amended Complaint, which speaks for itself and is the best evidence of its contents.

13. Defendants admit the allegations in the first sentence in Paragraph 13.  The allegations in the second sentence in Paragraph 13 characterize Plaintiff's Amended Complaint, which speaks for itself and is the best evidence of its contents. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence in Paragraph 13, which are vague and ambiguous.

14. The allegations in Paragraph 14 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 14 contains allegations to which a response is required, Defendants contest the Court's subject matter

jurisdiction but cannot confer jurisdiction upon the Court by admission or denial of the allegations.

15. The allegations in Paragraph 15 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 15 contains allegations to which a response is required, Defendants admit that the Northern District of Ohio, Western Division, is a proper venue for this matter.

16. The allegations in Paragraph 16 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 16 contains allegations to which a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16.

17. The allegations in Paragraph 17 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 17 contains allegations to which a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17.

18. The allegations in Paragraph 18 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 18 contains allegations to which a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

20. The allegations in Paragraph 20 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 20 contains allegations to which a response is required, they are denied.

21. The allegations in Paragraph 21 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 21 contains allegations to which a response is required, they are denied.

22. The allegations in Paragraph 22 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 22 contains allegations to which a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23, which are vague and ambiguous.

24. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, which are vague and ambiguous.

25. Defendants admit the allegations in Paragraph 25.

26. Defendants admit the allegations in Paragraph 26.

27. Defendants admit the allegations in Paragraph 27.

28. Defendants admit the allegations in Paragraph 28.

29. Defendants admit the allegations in Paragraph 29.

30. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, which are vague and ambiguous.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31, which are vague and ambiguous.

32. The allegations in Paragraph 32 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents.

33. The allegations in Paragraph 33 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents.

34. The allegations in Paragraph 34 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents.

35. The allegations in Paragraph 35 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 35 contains allegations to which a response is required, they are admitted.

36. The allegations in Paragraph 36 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 36 contains allegations to which a response is required, they are denied.

37. The allegations in Paragraph 37 characterize the Clean Water Act and its accompanying regulations, which speak for themselves and are the best evidence of their contents.

38. The allegations in Paragraph 38 characterize a provision of the Code of Federal Regulations, which speaks for itself and is the best evidence of its contents.

39. The allegations in Paragraph 39 characterize provisions of the Code of Federal Regulations, which speak for themselves and are the best evidence of their contents.

40. The allegations in Paragraph 40 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 40 contains allegations to which a response is required, they are admitted.

41. The allegations in Paragraph 41 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 41 contains allegations to which a response is required, they are admitted.

42. The allegations in Paragraph 42 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 42 contains allegations to which a response is required, they are admitted.

43. The allegations in Paragraph 43 characterize provisions of the Code of Federal Regulations, which speak for themselves and are the best evidence of their contents.

44. The allegations in Paragraph 44 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 44 contains allegations to which a response is required, they are admitted.

45. The allegations in Paragraph 45 characterize provisions of the Ohio Administrative Code, which speak for themselves and are the best evidence of their contents.

46. The allegations in Paragraph 46 characterize provisions of the Ohio Administrative Code, which speak for themselves and are the best evidence of their contents.

47. The allegations in Paragraph 47 characterize provisions of the Ohio Administrative Code, which speak for themselves and are the best evidence of their contents.

48. The allegations in Paragraph 48 characterize provisions of the Ohio Administrative Code, which speak for themselves and are the best evidence of their contents.

49. The allegations in Paragraph 49 characterize provisions of the Ohio Administrative Code, which speak for themselves and are the best evidence of their contents.

50. The allegations in Paragraph 50 characterize provisions of the Ohio Administrative Code, which speak for themselves and are the best evidence of their contents.

51. The allegations in Paragraph 51 characterize a document, the 2014 Ohio EPA Report, which speaks for itself and is the best evidence of its contents.

52. The allegations in Paragraph 52 characterize a document, the 2014 Ohio EPA Report, which speaks for itself and is the best evidence of its contents.

53. The allegations in Paragraph 53 characterize a document, EPA's decision on the 2014 Ohio EPA Report, which speaks for itself and is the best evidence of its contents.

54. The allegations in Paragraph 54 characterize a document, EPA's decision on the 2014 Ohio EPA Report, which speaks for itself and is the best evidence of its contents.

55. The allegations in Paragraph 55 characterize a document, the 2016 Report, which speaks for itself and is the best evidence of its contents.

56. The allegations in Paragraph 56 characterize a document, the 2016 Report, which speaks for itself and is the best evidence of its contents.

57. The allegations in Paragraph 57 characterize a document, the 2016 Report, which speaks for itself and is the best evidence of its contents.

58. The allegations in Paragraph 58 characterize a document, the 2016 Report, which speaks for itself and is the best evidence of its contents.

59. The allegations in Paragraph 59 characterize a document, EPA's decision on the 2016 Report, which speaks for itself and is the best evidence of its contents.

60. The allegations in Paragraph 60 characterize a document, EPA's withdrawal of its decision on the 2016 Report, which speaks for itself and is the best evidence of its contents.

61. The allegations in Paragraph 61 characterize a document, EPA's withdrawal of its decision on the 2016 Report, which speaks for itself and is the best evidence of its contents.

62. The allegations in Paragraph 62 characterize a document, Ohio EPA's amended 2016 Report, which speaks for itself and is the best evidence of its contents.

63. The allegations in Paragraph 63 characterize a document, the Ohio EPA 2018 Integrated Report, which speaks for itself and is the best evidence of its contents.

64. The allegations in Paragraph 64 characterize a document, the Ohio EPA 2018 Integrated Report, which speaks for itself and is the best evidence of its contents.

65. The allegations in Paragraph 65 characterize a document, the Ohio EPA 2018 Integrated Report, which speaks for itself and is the best evidence of its contents.

66. The allegations in Paragraph 66 characterize a document, the Ohio EPA 2018 Integrated Report, which speaks for itself and is the best evidence of its contents.

67. The allegations in Paragraph 67 characterize a document, the Ohio EPA 2018 Integrated Report, which speaks for itself and is the best evidence of its contents.

68. Defendants deny the allegations in Paragraph 68.

69. The allegations in Paragraph 69 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 69 contains allegations to which a response is required, they are denied.

70. The allegations in Paragraph 70 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 70 contains allegations to which a response is required, they are denied.

71. The allegations in the first sentence in Paragraph 71 constitute conclusions of law, to which no response is required, but to the extent that the first sentence in Paragraph 71 contains allegations to which a response is required, they are denied. The allegations in the second sentence in Paragraph 71 characterize a document, EPA's decision on the Ohio EPA 2018 Integrated Report, which speaks for itself and is the best evidence of its contents.

72. The allegations in Paragraph 72 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 72 contains allegations to which a response is required, they are denied.

73. The allegations in Paragraph 73 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 73 contains allegations to which a response is required, they are denied.

74. Defendants re-allege and incorporate by reference all of the responses set forth in Paragraphs 1 through 73, above.

75. The allegations in Paragraph 75 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 75 contains allegations to which a response is required, they are denied.

76. The allegations in Paragraph 76 characterize a provision of the Clean Water Act and a provision of the Code of Federal Regulations, which speak for themselves and are the best evidence of their contents.

77. The allegations in Paragraph 77 characterize a provision of the Clean Water Act and a provision of the Code of Federal Regulations, which speak for themselves and are the best evidence of their contents.

78. The allegations in Paragraph 78 characterize a provision of the Clean Water Act and a provision of the Code of Federal Regulations, which speak for themselves and are the best evidence of their contents.

79. The allegations in Paragraph 79 characterize a provision of the Clean Water Act and a provision of the Code of Federal Regulations, which speak for themselves and are the best evidence of their contents.

80. The allegations in Paragraph 80 characterize a provision of the Code of Federal Regulations, which speaks for itself and is the best evidence of its contents.

81. The allegations in Paragraph 81 characterize a document, the 2018 Integrated Report, which speaks for itself and is the best evidence of its contents.

82. The allegations in Paragraph 82 characterize a document, the 2018 Integrated Report Approval, which speaks for itself and is the best evidence of its contents.

83. The allegations in Paragraph 83 characterize Plaintiffs' Amended Complaint, which speaks for itself and is the best evidence of its contents.

84. Defendants re-allege and incorporate by reference all of the responses set forth in Paragraphs 1 through 83, above.

85. The allegations in Paragraph 85 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 85 contains allegations to which a response is required, they are denied.

86. The allegations in Paragraph 86 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 86 contains allegations to which a response is required, they are denied.

87. The allegations in Paragraph 87 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 87 contains allegations to which a response is required, they are denied.

88. The allegations in Paragraph 88 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 88 contains allegations to which a response is required, they are denied.

The un-numbered paragraphs following Paragraph 88 constitute Plaintiff's prayer for relief, to which no response is required, but to the extent that Plaintiff's

prayer for relief contains allegations to which a response is required, Defendants deny that Plaintiff is entitled to any relief.

To the extent any allegation in the Amended Complaint has not been admitted or specifically responded to, Defendants deny such allegation.

## **<u>DEFENSES</u>**

Plaintiff fails to state a claim upon which relief can be granted.

Respectfully submitted this 14th day of May 2020.

*/s/ Daniel R. Dertke*
DANIEL R. DERTKE,
Daniel.Dertke@usdoj.gov
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 514-0994
daniel.dertke@usdoj.gov

JUSTIN E. HERDMAN
United States Attorney

JODY L. KING (0094125)
Assistant United States Attorney
Office of the U.S. Attorney
Northern District of Ohio
Four Seagate, Suite 308
Toledo, OH 43604-2624
Tel:  (419) 259-6376
Fax:  (419) 259-6360
Jody.King@usdoj.gov

Attorneys for Defendants